IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WILLIAM ANSON RATLIFF                                                          PLAINTIFF

v.                                    Civil No. 6:16-cv-6069

ASHLEY VAILES, *et al.*                                                       DEFENDANTS

## ORDER

Before the Court is Plaintiff William Anson Ratliff's Objections in Regard to the Court's Report and Recommendation. (ECF No. 30). On October 10, 2017, the Court entered an order dismissing Plaintiff's case without prejudice due to his failure to follow a Court order and for failure to prosecute. On April 20, 2018, Plaintiff filed a motion to reopen this case. On May 8, 2018, the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, issued a Report and Recommendation. (ECF No. 28). Judge Marschewski recommended the denial of Plaintiff's motion to reopen the case because Plaintiff had failed to show sufficient reason to warrant reopening this case. Plaintiff did not file timely objections to the Report and Recommendation.[1] On June 1, 2018, the Court adopted the Report and Recommendation and denied Plaintiff's motion to reopen this case. (ECF No. 29). On June 4, 2018, Plaintiff filed the instant objections. Although the Court has no obligation to consider Plaintiff's untimely objections, the Court will review them nonetheless.

Pursuant to 28 U.S.C. § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects on the basis that he repeatedly asked the Court to appoint counsel to represent him because he felt overwhelmed, but that the Court denied appointment of counsel and led Plaintiff to believe that he was competently litigating the case by himself. Plaintiff

---

[1] Plaintiff's objections were due by May 25, 2018. The instant objections are postmarked May 31, 2018, and were filed with the Court on June 4, 2018.

argues further that he was unaware that he had made a mistake in litigating the case until December 2017, when he purchased a Jailhouse Lawyers Handbook and realized that he should have filed a response to Defendants' summary judgment motion. Plaintiff also expresses confusion regarding the Court's amended scheduling order, entered on June 21, 2017. Plaintiff concludes by noting that prior to being ordered to respond to the summary judgment motion, he had always been on time with respect to filing motions and complying with the Court's requests.

The Court is unpersuaded by Plaintiff's objections. Plaintiff first argues that he repeatedly moved for appointment of counsel and the Court denied all such requests. As the Court stated in its orders denying Plaintiff's motions for appointment of counsel, civil litigants—such as Plaintiff in this case—do not have a constitutional or statutory right to an attorney. The Court may, however, appoint counsel for civil litigants at its discretion. In each instance, the Court evaluated multiple factors and found that Plaintiff had not shown the need for appointment of counsel at that time. The fact that Plaintiff disagrees with the Court's previous determinations regarding appointment of counsel is not sufficient cause to reopen the case. Plaintiff also suggests that the Court misled him into believing that he was adequately prosecuting his case, but that he clearly was not, as demonstrated by the case's ultimate dismissal.[2] This argument runs counter to Plaintiff's own admission in the instant objections that, prior to missing the deadline to respond to the summary judgment motion, he had not missed any other deadline or failed to comply with previous Court orders. The Court's orders denying appointment of counsel contained no misleading statements, as they determined, among other things, that Plaintiff had demonstrated that he was capable of investigating and presenting his case at the time he requested

---

[2] Plaintiff presumably refers to the Court's orders denying appointment of counsel, in which the Court stated in relevant part: "[t]he Court finds that the claims do not appear legally or factually complex, and Plaintiff is adequately prosecuting this case at this time. The Court finds Plaintiff is capable of prosecuting his claims without appointed counsel. At a later stage in the case, Plaintiff may again request appointment of counsel if Plaintiff believes the circumstances justify such an appointment."

appointment of counsel. In any event, the Court finds this argument insufficient to warrant deviation from the Report and Recommendation.

Plaintiff's second objection stems from his first: that he was overwhelmed by litigating this case and did not know what was expected of him until he purchased a Jailhouse Lawyers Handbook. This argument was previously presented to Judge Marschewski in Plaintiff's motion to reopen the case. Judge Marschewski found that argument to be insufficient to show cause for reopening the case, and the Court agrees. The Court notes that on July 7, 2016, it mailed Plaintiff a copy of the 1983 Prisoner Litigation Guide. The docket does not reflect that this mailing was returned as undeliverable. On June 21, 2017, the Court also filed an amended scheduling order stating clearly that, in the event a summary judgment motion is filed by Defendants, Plaintiff must file a response to the summary judgment motion within thirty days. This order further advised Plaintiff to review the Prisoner Litigation Guide when drafting any such response. The Court's amended scheduling order explicitly set out Plaintiff's obligation to respond to any summary judgment motions, and Plaintiff failed to comply with the order. Thus, the Court agrees with Judge Marschewski that Plaintiff has failed to show sufficient cause to reopen the case on the basis that he did not understand what was expected of him until he purchased a Jailhouse Lawyers Handbook.[3]

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff's objections offer neither law nor fact which would cause the Court to deviate from Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation. (ECF No. 28).

**IT IS SO ORDERED**, this 12th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] Assuming that Plaintiff purchased the Jailhouse Lawyers Handbook in December 2017, he did not file the motion to reopen the case until approximately four months later, in April 2018. Plaintiff makes no attempt to explain the delay in his filing of the motion to reopen the case.